O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GB INLAND PROPERTIES II, LLC, | ) ) ) | Case No. CV 12-04953 DDP (AJWx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |
| LUIS CASTRO, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

    The court orders Defendant to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. Plaintiff filed this action in state court against Defendant, alleging that Defendant unlawfully failed to surrender possession of the real property located at 1030 W. 101st Street, Los Angeles 90044.

    On June 6, 2012, Defendant Robin Mercer removed to this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331. A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have

original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted). "Federal law" cannot be predicated on a defense or counterclaim. Id. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Here, nothing on the face of Plaintiff's complaint suggests a federal question. Accordingly, the court orders the parties to file cross-briefs, not to exceed five pages, to show cause why this action should not be remanded for lack of subject matter jurisdiction. Any such briefs shall be filed within fourteen days of the date of this order. The parties should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles 90012. The court notes that Defendant bears the burden of establishing removal jurisdiction. If a party does not file a brief, the court will regard the party as not opposing remand of this matter.

**IT IS SO ORDERED.**

Dated: June 21, 2012

DEAN D. PREGERSON
United States District Judge

2